UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Maurice Hardy,<br>Individually, and on behalf of all others similarly situated,<br><br>                              Plaintiff,<br>          -v-<br><br>Silver's Crust West Indian Restaurant & Grill Inc,<br><br>                              Defendant. | Civ. Action #:<br><br>**Complaint**<br><br>Date Filed:<br><br>**Jury Trial Demanded** |

Plaintiff Maurice Hardy ("Plaintiff," or "Hardy"), on behalf of himself and all others similarly situated, by Abdul Hassan Law Group, PLLC, his attorneys, complaining of the Defendant Silver's Crust West Indian Restaurant & Grill Inc ("Defendant" or "Silver's Crust") respectfully alleges as follows:

## NATURE OF THE ACTION

1. Plaintiff alleges on behalf of himself, and other similarly situated current and former hourly employees who worked for the Defendant, and who elect to opt into this action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 216 (b), that he and they are: (i) entitled to unpaid overtime wages from Defendant for working more than forty hours in a week and not being paid an overtime rate of at least 1.5 times his regular rate for such hours over forty in a week; and (ii) entitled to maximum liquidated damages and attorneys' fees pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq. including 29 U.S.C. §§ 216(b).

2. Plaintiff further complains on behalf of himself and a class of other similarly situated current and former hourly employees who worked for the Defendant, pursuant to the Fed. R. Civ. Proc. 23, that he and they are: (i) entitled to unpaid overtime wages from Defendant for working more than forty hours in a week and not being paid an overtime rate of at least 1.5 times his regular rate for such hours over forty in a week; (ii) entitled to unpaid minimum wages from Defendant for working and not being paid at a rate of at least the applicable New York State Minimum wage rate; and (iii) is entitled to maximum liquidated damages and

attorney's fees, pursuant to the New York Minimum Wage Act ("NYMWA"), N.Y. Lab. Law §§ 650 et seq., including NYLL § 663, and the regulations thereunder.

3. Plaintiff and the class are also entitled to maximum compensation for not receiving notices and statements required by NYLL 195, under Article 6 of the New York Labor Law and is also entitled to maximum liquidated damages, interest, and attorneys' fees pursuant to Section 198 of the New York Labor Law.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337 and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367. In addition, the Court has jurisdiction over Plaintiff's claim under the Fair Labor Standards Act pursuant to 29 U.S.C. § 216 (b).

5. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391(b) and/or 29 U.S.C. § 216 (b).

6. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 2202.

## THE PARTIES

7. Plaintiff Maurice Hardy ("Plaintiff" or "Hardy") is an adult, over eighteen years old, who currently resides in Queens County in the State of New York.

8. Upon information and belief and at all times relevant herein, Silver's Crust West Indian Restaurant & Grill Inc was a for-profit corporation.

9. Upon information and belief, Defendant maintained a place of business at 1695 President Street, Brooklyn, NY 11213 and/or 1251 Utica Avenue, Brooklyn, NY 11203.

10. "Plaintiff" as used in this complaint refers to the named Plaintiff, except, that as to the class

and collective action allegations under New York Labor Law and the FLSA respectively, "Plaintiff" refers to the named Plaintiff as well as those similarly situated as putative class members as further defined below.

11. The "present" or the "present time" as used in this complaint refers to the date this complaint was signed.

## STATEMENT OF FACTS

12. Upon information and belief, and at all relevant times herein, Defendant was engaged in the business of operating and managing restaurants within the State of New York.

13. Upon information and belief and at all times relevant herein, Defendant employed several dozen employees at any given time and over 100 employees during the class period – Defendant operated about 10 restaurants in the New York City area.

14. Plaintiff was employed by Defendant from in or around November 2016 to on or about April 10, 2017 at Defendant's restaurant at 227 Merrick Blvd. Jamaica, NY 11427.

15. At all times relevant herein, Defendant employed Plaintiff to perform a variety of functions in its restaurant including porter and dishwasher duties.

16. At all times relevant herein, Plaintiff was paid at an hourly rate of about $10 an hour for all hours worked including his overtime hours (hours over 40 in a week). For example, for the weekly pay period ending March 17, 2017, Plaintiff worked at least 48 hours (six days) and was paid at his straight regular rate of $10 an hour for 48 hours that week. In addition, Plaintiff was not paid at all for about 3-5 hours a week when he worked beyond his scheduled end time. On or about 4-5 occasions, Plaintiff worked a double shift in a single day – an extra shift in addition to his regular overtime hours. These examples are reflective of Defendant's payment pattern throughout Plaintiff's employment with them.

17. At all times relevant, Plaintiff was not paid at least the applicable NYS minimum wage rate for each and all hours worked in a week, for each week during his employment with

Defendant.

18. At all times relevant herein, Plaintiff worked about 42 -50 hours a week, 6 days a week, and likely more – Plaintiff worked 5 days a week only for a couple of weeks during his employment - a more precise statement of the hours and wages will be made when Plaintiff Hardy obtains the wage and time records Defendant was required to keep under the FLSA and NYLL. Accurate copies of Plaintiff's wage and time records that Defendant was required to keep pursuant to 29 USC 211, 29 CFR 516 and NYLL 195, 12 NYCRR 142.2-6, are incorporated herein by reference.

19. At all times relevant herein, Defendant paid Plaintiff and the putative class members, their straight regular rate for overtime hours worked (more than forty hours a week) – instead of the premium overtime rate of at least 1.5 times their regular rate.

20. At all times relevant herein, Plaintiff worked more than forty hours a week for Defendant.

21. At all times relevant herein, Defendant did not pay Plaintiff and the putative class members at a rate of at least the applicable NYS minimum wage rate for each and all hours worked in each week during their employment with Defendant.

22. At all times relevant herein, Defendant did not provide Plaintiff and the putative class with the notice(s) required by NYLL 195(1).

23. At all times relevant herein, Defendant did not provide Plaintiff and the putative class members with the statement(s) required by NYLL 195(3) – the statements provided to Plaintiff did not contain the hours worked by Plaintiff nor his regular and overtime hourly rates, among other deficiencies.

24. Upon information and belief and at all times relevant herein, Defendant had annual revenues and/or expenditures in excess of $500, 000.

25. Upon information and belief, and at all times relevant herein, Defendant conducted business with insurance companies outside the state of New York.

26. Upon information and belief and at all times relevant herein, Defendant purchased food supplies and utensils that travelled through interstate commerce.

27. At all times applicable herein, Defendant conducted business with vendors and other businesses outside the State of New York.

28. Defendant as a regular part of its business, engaged in credit card transactions involving banks and other institutions outside the state of New York.

29. At all times applicable herein and upon information and belief, Defendant utilized the instrumentalities of interstate commerce such as the United States mail, electronic mail, the internet and telephone systems.

30. All times applicable or relevant herein as to the FLSA overtime claim refers to <u>at least</u> the two-year and three-year period preceding the filing of this complaint but this period may be longer.

31. All times applicable or relevant herein as to the NYLL overtime claim refers to <u>at least</u> the six-year period preceding the filing of this complaint but this period may be longer.

32. Upon information and belief and at all times applicable herein, Defendant did not display the required FLSA and NYLL posters of employee wage rights as was required by the FSLA and NYLL and the regulations thereunder.

33. The relevant and applicable times will be refined as is necessary, including after discovery if necessary.

## **AS AND FOR A FIRST CAUSE OF ACTION**
## **FAIR LABOR STANDARDS ACT - 29 U.S.C 201 et Seq.**

34. Plaintiff alleges on behalf of himself and all others similarly situated who opt into this action

pursuant to 29 U.S.C. § 216(b), and incorporates by reference the allegations in paragraphs 1 through 33 above as if set forth fully and at length herein.

35. The named Plaintiff has consented to be part of this action by the filing of this action on his behalf and with his consent.

36. The FLSA cause of action is brought as a collective action on behalf of the named Plaintiff and all others who are/were similarly situated and who file consents to opt-in to the action.

37. The class of similarly situated individuals as to the FLSA cause of action is defined as current and former hourly employees of Defendant, who: 1) worked more than forty hours in a week, within at least the three-year period, preceding the filing of this complaint; and 2) were not paid at an overtime rate of at least 1.5 times their regular rate for each and all hours worked in excess of forty hours in a week as also explained above.

38. Although the precise number of putative class members is unknown, and facts on which the calculation of that number is based are presently within the sole control of Defendant, upon information and belief, there are over 100 members of the class during the class period.

39. The class definition will be refined as is necessary, including after discovery if necessary.

40. At all times relevant to this action, Plaintiff and all those similarly-situated, were employed by Defendant within the meaning of the FLSA – 29 U.S.C 201 et Seq.

41. Upon information and belief, and at all times relevant to this action, Plaintiff and all those similarly-situated, were engaged in commerce and/or in the production of goods for commerce and/or Defendant constituted an enterprise(s) engaged in commerce within the meaning of the FLSA including 29 U.S.C. §§ 207(a).

42. Upon information and belief and at all times relevant herein, Defendant transacted commerce and business in excess of $500,000.00 annually or had revenues and/or expenditures in excess of $500,000.00 annually.

43. At all times relevant herein, Defendant failed and willfully failed to pay Plaintiff, and all those similarly-situated as class members, overtime compensation at rates not less than 1.5

times their regular rate of pay for each and all hours worked in excess of forty hours in a work week, in violation of 29 U.S.C. § 207.

## Relief Demanded

44. Due to Defendant's FLSA overtime violations, Plaintiff and all those similarly similarly-situated, are entitled to recover from Defendant, individually and/or jointly, their unpaid overtime wages, maximum liquidated damages, attorneys' fees, and costs of the action, pursuant to 29 U.S.C. § 216(b).

## AS AND FOR A SECOND CAUSE OF ACTION
## NYLL 650 et Seq. and 12 NYCRR 142-2.2 etc. (Unpaid Overtime + Min Wages)

45. Plaintiff alleges, on behalf of himself and all others similarly situated as class members and incorporates by reference the allegations in paragraphs 1 through 43 above as if set forth fully and at length herein.

## CLASS ALLEGATIONS

46. Plaintiff sues on his own behalf and on behalf of a class of persons under Rule 23(a), (b)(2) and (b)(3) of the Federal Rules of Civil Procedure.

47. The class of similarly situated individuals as to the overtime cause of action under the NYLL is defined as current and former hourly employees of Defendant, and who: 1) were employed by Defendant within the State of New York; 2) worked more than forty hours in a week, within at least the six-year period, preceding the filing of this complaint; and 3) not paid at an overtime rate of at least 1.5 times their regular rate for each and all hours worked in excess of forty hours in a week as also explained above.

48. The class of similarly situated individuals as to the NYS Minimum wage cause of action under the NYLL is defined as current and former hourly employees of Defendant, and who: 1) were employed by Defendant within the State of New York; 2) were hourly employees, within at least the six-year period, preceding the filing of this complaint; and 3) were not paid at a regular rate of at least the applicable NYS minimum wage rate for each and all hours

7

worked in each week as also explained above.

49. The class definition will be refined as is necessary, including after discovery if necessary.

50. Although the precise number of putative class members is unknown, and facts on which the calculation of that number is based are presently within the sole control of defendant, upon information and belief, there are over 100 members of the class during the class period.

51. Upon information and belief the putative class is so numerous that joinder of all members is impracticable.

52. Upon information and belief, there are questions of law or fact common to the class – (a) whether the putative class was paid at least 1.5 times the applicable regular rate for all hours in excess of forty in a week, and (b) whether the putative class was paid a rate of at least the applicable NYS Minimum wage rate for each and all hours worked in each week.

53. Upon information and belief, the claims of the representative party are typical of the claims of the class.

54. The representative party will fairly and adequately protect the interests of the class.

55. The Defendant has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

56. There are questions of law and fact common to the class which predominate over any questions solely affecting individual members of the class, including:

    (a) Whether, Defendant failed and/or refused to pay the plaintiff and the putative class members at a rate of at least one and one half (1 ½) times their regular hourly rate for all hours worked in excess of forty each week within the meaning of New York Minimum Wage Act and the regulations thereunder – 12 NYCRR § 142-2.2.

    (b) Whether, Defendant failed and/or refused to pay the Plaintiff and the putative class

members at a rate of at least the applicable NYS Minimum wage rate for each and all hours worked in a week, within the meaning of New York Minimum Wage Act and the regulations thereunder – 12 NYCRR § 142-2.1.

57. A class action is superior to other available methods for the fair and efficient adjudication of the controversy - particularly in the context of wage and hour litigation where individual plaintiffs lack the financial resources to vigorously prosecute a lawsuit in federal court against corporate defendant and in light of the large number of putative class members.

58. At all times relevant to this action, Plaintiff and all those similarly situated as class members, were employed by Defendant within the meaning of the New York Labor Law, §§ 2 and 651 and the regulations thereunder including 12 NYCRR § 142.

59. At all times relevant herein, Defendant failed to pay and willfully failed to pay plaintiff and all those similarly situated as class members, overtime compensation at rates not less than 1.5 times their regular rate of pay for each and all hours worked in excess of forty hours in a work week, in violation of the New York Minimum Wage Act and its implementing regulations. N.Y. Lab. Law §§ 650 et seq.; 12 NYCRR § 142-2.2.

60. At all times relevant herein, Defendant failed to pay and willfully failed to pay Plaintiff and all those similarly situated as class members, at a rate of at least the applicable NYS minimum wage rate for each and all hours worked in a work-week, in violation of the New York Minimum Wage Act and its implementing regulations. N.Y. Lab. Law §§ 650 et seq.; 12 NYCRR § 142-2.1.

**Relief Demanded**

61. Due to Defendant's NYLL overtime violations, Plaintiff, and all those similarly-situated, are entitled to recover from Defendant, their unpaid overtime and minimum wage compensation, maximum liquidated damages, prejudgment interest, attorney's fees, and costs of the action, pursuant to NYLL § 663(1).

**AS AND FOR A THIRD CAUSE OF ACTION**
**NYLL § 190, 191, 195 and 198**

62. Plaintiff alleges on behalf of himself and all others similarly situated as class members, and incorporates by reference the allegations in paragraphs 1 through 61 above as if set forth fully and at length herein.

## CLASS ALLEGATIONS

63. Plaintiff sues on his own behalf and on behalf of a class of persons under Rule 23(a), (b)(2) and (b)(3) of the Federal Rules of Civil Procedure.

64. The class of similarly-situated individuals as to the cause of action for NYLL 195(1) and NYLL 195(3) violations is defined as current and former hourly employees of Defendant who: 1) were not provided with the notice(s) required by NYLL 195(1), or 2) were not provided with the statement(s) required by NYLL 195(3).

65. The class definition will be refined as is necessary, including after discovery if necessary.

66. Although the precise number of putative class members is unknown, and facts on which the calculation of that number is based are presently within the sole control of Defendant, upon information and belief, there over 100 members of the class during the class period.

67. Upon information and belief, the putative class is so numerous that joinder of all members is impracticable.

68. Upon information and belief, there are questions of law or fact common to the class – (a) whether Defendant failed to provide Plaintiff with the notice(s) required by NYLL 195(1), and (b) whether Defendant failed to provide Plaintiff and the putative class with the statement(s) required by NYLL 195(3).

69. Upon information and belief, the claims of the representative party are typical of the claims of the class.

70. The representative party will fairly and adequately protect the interests of the class.

71. The Defendant has acted or refused to act on grounds generally applicable to the class,

thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

72. There are questions of law and fact common to the class which predominate over any questions solely affecting individual members of the class, including:

> whether Defendant failed to provide Plaintiff with the notice(s) required by NYLL 195(1), and whether Defendant failed to provide Plaintiff and the putative class with the statement(s) required by NYLL 195(3).

73. A class action is superior to other available methods for the fair and efficient adjudication of the controversy - particularly in the context of wage and hour litigation where individual Plaintiffs lack the financial resources to vigorously prosecute a lawsuit in federal court against corporate Defendant and in light of the large number of putative class members.

74. At all times relevant to this action, Plaintiff and all those similarly-situated as class members, were employed by Defendant within the meaning of the New York Labor law, §§ 190 et seq., including §§ 191, 193, 195 and 198.

75. At all times relevant herein, Defendant failed and willfully failed to provide Plaintiff and the class members with the notice(s) required by NYLL 195(1) – Plaintiff and the class are therefore entitled to and seeks to recover in this action the maximum recovery for this violation, plus attorneys' fees and costs pursuant to NYLL 198 including NYLL 198(1-b), as well as an injunction directing Defendant to comply with NYLL 195(1).

76. At all times relevant herein, Defendant failed and willfully failed to provide Plaintiff and the class members with the statement(s) required by NYLL 195(3) – Plaintiff and the class are therefore entitled to and seeks to recover in this action the maximum recovery for this violation, plus attorneys' fees and costs pursuant to NYLL 198 including NYLL 198(1-d), as well as an injunction directing Defendant to comply with NYLL 195(1).

## **Relief Demanded**

77. Due to Defendant's New York Labor Law Article 6 violations including violation of sections

191, 195 and 198, Plaintiff and the putative class are entitled to recover from Defendant, maximum recovery for violations of NYLL § 195(1) and NYLL § 195(3), reasonable attorneys' fees, and costs of the action, pursuant to N.Y. Labor Law § 190 et seq. including § 198.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that this Court grant the following relief:

78. Declare Defendant (including its overtime and wage payment policy and practice), to be in violation of the rights of Plaintiff, under the FLSA and New York Labor Law – 12 NYCRR § 142, and Article 6 of the NYLL – NYLL § 190 et Seq.

79. As to the **First Cause of Action,** award Plaintiff and the similarly-situated class members, their unpaid overtime wages due under the FLSA, together with maximum liquidated damages, costs and attorneys' fees pursuant to 29 USC § 216(b);

80. As to the **Second Cause of Action**, award Plaintiff and the similarly-situated class members, their unpaid overtime and minimum wages due under the New York Minimum Wage Act and the Regulations thereunder including 12 NYCRR § 142-2.2, 2.1, together with maximum liquidated damages, prejudgment interest, costs and attorneys' fees pursuant to NYLL § 663;

81. As to the **Third Cause of Action**, award of Plaintiff and those similarly situated as class members, maximum recovery for violations of NYLL 195(1) and NYLL 195(3), reasonable attorneys' fees, and costs of the action, pursuant to N.Y. Labor Law § 190 et seq. including § 198.

82. Award Plaintiff, any relief requested or stated in the preceding paragraphs but which has not been requested in the WHEREFORE clause or "PRAYER FOR RELIEF", in addition to the relief requested in the wherefore clause/prayer for relief;

83. Award Plaintiff such other, further and different relief as the Court deems just and proper.

Dated: Queens Village, New York
April 21, 2017

Respectfully submitted,

Abdul Hassan Law Group, PLLC


/s/ Abdul Hassan _____

By: Abdul K. Hassan, Esq. (AH6510)
215-28 Hillside Avenue
Queens Village, NY 11427
Tel: 718-740-1000
Fax: 718-740-2000
Email: abdul@abdulhassan.com
*Counsel for Plaintiff*